Ryan Costello, IL SBN 6317378
Assistant Federal Public Defender
Email: ryan_costello@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123

Attorney for Mr. Anzaldua-Ervin

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JAIRIN ANZUALDUA-ERVIN,<br><br>　　　　　　　　　　Defendant. | Case No. 3:25-cr-00444-AR-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Jairin Anzaldua-Ervin joins the government and United States Probation Office in asking for a sentence of time served regarding incarceration and one year of supervised release to follow. While the government and United States Probation Office ask for four months of home detention, Mr. Anzaldua-Ervin asks for no home detention, asking the Court to vary from four months to time served. Mr. Anzaldua-Ervin's very early resolution of this case, positive prosocial history and lack of criminal history as documented in the Presentence Investigation Report, and his post-offense rehabilitation support a variance downwards to time served.

The United States Probation Office determines Mr. Anzaldua-Ervin's United States Sentencing Guidelines range to be 8-14 months with criminal history category I and total adjusted offense level of 11. The plea agreement provides an additional two levels downward, dropping the total adjusted offense level to 9. With criminal history category I, Mr. Anzaldua-Ervin's final Guidelines range becomes 4-10 months and falls within Zone B of the Sentencing Guidelines.

Zone B of the Sentencing Guidelines allows this Court to impose a sentence of community confinement within the 4–10 month range rather than imposing incarceration. Regardless, the United States Sentencing Guidelines are the starting point for any judge and are not mandatory. The nature and circumstances of the offense, Mr. Anzaldua-Ervin's lack of criminal history, Mr. Anzaldua-Ervin's positive history, his post-offense rehabilitation, and his immediate recognition of his error all support a downward variance to time served without any home confinement.

Mr. Anzaldua-Ervin accepted a very early resolution plea offer, accepting responsibility for his conduct from the very beginning of the case and forfeiting his right to the production of discovery. This very early acceptance of responsibility as part of an early resolution plea reduction justifies varying down to time served.

Mr. Anzaldua-Ervin has reviewed the Presentence Investigation Report ("PSR") with defense counsel and has no unresolved objections to the applicable guidelines range or the PSR. He also reviewed all the proposed mandatory, standard, and special conditions of supervision.

Mr. Anzaldua-Ervin requests that the Court impose a sentence of time served, followed by one year of supervised release to follow. The Court can also impose a probationary sentence if the Court deems probation would be appropriate over time served. A sentence of time served is a reasonable sentence that is "sufficient, but not greater than necessary," to affect the sentencing goals established in 18 U.S.C. § 3553(a).

Dated: December 10, 2025.

/s/ Ryan Costello  
Ryan Costello, IL SBN 6317378  
Attorney for Mr. Anzaldua-Ervin